The NISSAN FIRE AND MARINE INSURANCE COMPANY, LTD.; Hitachi Data Systems Corp., Plaintiffs–Appellees,

v.

BAX GLOBAL INC., Defendant–Appellant.

The Nissan Fire and Marine Insurance Company, Ltd.; Hitachi Data Systems Corp., Plaintiffs–Appellants,

v.

Bax Global Inc., Defendant–Appellee.

Nos. 06–16061, 06–16112.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 17, 2008.

Filed June 11, 2008.

Michael J. Cummins, Esq., Gibson Robb & Lindh, LLP., David M. Salentine, Esq., San Francisco, CA, for Plaintiffs–Appellees.

George Nowell, Esq., Attorney at Law, Paul B. Arenas, Law Office of George W. Nowell, San Francisco, CA, for Defendant–Appellant.

Before: W. FLETCHER and BEA, Circuit Judges, and MILLER,* District Judge.

MEMORANDUM **

Hitachi Data Systems Corp. and its insurer, Nissan Fire & Marine Insurance Co., Ltd. (collectively, "Hitachi"), brought suit against Bax Global Inc. ("Bax") after Bax transferred Hitachi's cargo from Plainfield, Indiana to Hong Kong, China, under a waybill dated April 5, 2001. Some of the cargo was irreparably damaged during shipment.

After a one-day bench trial, the district court concluded that the shipment was governed by the Warsaw Convention. The district court further concluded that because the waybill did not comply with the

* The Honorable Jeffrey T. Miller, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

requirements of Articles 8 and 9 of the Warsaw Convention, Bax was not entitled to the Convention's limitation on liability.

Hitachi argued that it was entitled to attorney's fees. Paragraph 16 of the waybill provided that "the shipper, consignee, and owner jointly and severally agree to pay all legal and collection fees incurred by Bax Global in securing payment for all charges related to the shipment or enforcing any portion of this contract." Hitachi argued that California Civil Code § 1717 rendered paragraph 16 reciprocal. The district court rejected this argument, concluding that the issue was governed by federal law, which did not render paragraph 16 reciprocal.

The parties agreed that the district court had discretion to award prejudgment interest, but disputed the rate. Hitachi argued that the court should apply California law. Bax argued that the court should use the rate set forth in 28 U.S.C. § 1961. The court agreed with Bax. The court also concluded that Bax was entitled to a set-off in the amount of a settlement paid by co-defendant Cathay Pacific. The district court awarded Hitachi $156,184.17 in damages and prejudgment interest.

Bax appealed the judgment, arguing that the district court erroneously applied the Warsaw Convention to the shipment. Hitachi cross-appealed, arguing that the district court erred in refusing to award attorney's fees, and that it abused its discretion by using the rate set forth in 28 U.S.C. § 1961 to calculate prejudgment interest.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings.

■ "We review *de novo* a district court's interpretation of treaties to which the United States is a party." *Cont'l Ins. Co. v. Fed. Express Corp.*, 454 F.3d 951,

954 (9th Cir.2006). "We [also] review *de novo* a district court's choice of law decision." *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 939 (9th Cir.2003), *amended by* 350 F.3d 916 (9th Cir.2003) (italics added). "We review the district court's calculation of prejudgment interest for an abuse of discretion." *Grosz–Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1163–64 (9th Cir.2001).

■ The district court erred in applying the Warsaw Convention to the shipment. In *Continental Insurance Co. v. Federal Express Corp.*, decided after the district court issued its opinion, we held that the Hague Protocol, rather than the Warsaw Convention, governs claims arising from shipments between the United States and Hong Kong on or after March 4, 1999, when the Senate's ratification of Montreal Protocol No. 4 became effective. 454 F.3d at 957–58. *Contra Avero Belg. Ins. v. Am. Airlines, Inc.*, 423 F.3d 73, 77 (2d Cir. 2005) ("When the United States ratified Montreal Protocol No. 4 in 1998 (effective March 4, 1999), it did not accede to the Hague Protocol."). We are bound by *Continental Insurance,* and therefore we conclude that the district court erred in finding that the shipment was governed by the Warsaw Convention.

The district court also erred in applying federal common law, rather than state law, in deciding whether Hitachi was entitled to attorney's fees. The Hague Protocol amended the Warsaw Convention, adding new language to Article 22. Paragraph 4 of Article 22, as amended by the Hague Protocol, states:

> The limits prescribed in this article shall not prevent the court from awarding, in accordance with its own law, in addition, the whole or part of the court costs and of the other expenses of the litigation incurred by the plaintiff. . . .

Convention for the Unification of Certain Rules Relating to International Carriage by Air Signed at Warsaw on 12 October 1929 as Amended by the Protocol Done at the Hague on 28 September 1955, Art. XI, 478 U.N.T.S. 371. Based on records of the negotiation history of the Hague Protocol, *see Air France v. Saks,* 470 U.S. 392, 400, 105 S.Ct. 1338, 84 L.Ed.2d 289 (1985), we conclude that "expenses of the litigation" include attorney's fees. *See* Andreas F. Lowenfeld & Allan I. Mendelsohn, *The United States and the Warsaw Convention,* 80 Harv. L. Rev. 497, 507–09 (1967).

In *Insurance Co. of North America v. Federal Express Corp.,* 189 F.3d 914 (9th Cir.1999), we held that, in the absence of an applicable federal statute, state law, rather than federal common law, governs claims under the Warsaw Convention where the Convention expressly defers to the law of the forum jurisdiction. *Id.* at 919–21. The phrase "in accordance with its own law" in Article 22(4) expressly defers to the law of the forum jurisdiction. Here, the forum jurisdiction is California. Therefore, California choice of law rules determine the substantive law governing the issue of attorney's fees and the interpretation of paragraph 16 of the waybill. *See id.* at 919–20; *see also Albingia Versicherungs A.G.,* 344 F.3d at 940 ("It may seem nonintuitive that state law controls once the shipment is at the airport because an international treaty governs the commercial relationships, while federal common law controls when the shipment is sitting within the state, is outside the airport at a South San Francisco warehouse and beyond the scope of the Warsaw Convention. But that's the way it is, under our controlling authority." (footnote omitted)).

The parties agree that the district court has discretion to award prejudgment interest. The Hague Protocol is silent on the issue of the rate of prejudgment interest. We conclude that the district court did not abuse its discretion in applying 28 U.S.C. § 1961 to set the rate for prejudgment interest. *See Zicherman v. Korean Air Lines Co.,* 516 U.S. 217, 229–31, 116 S.Ct. 629, 133 L.Ed.2d 596 (1996); *W. Pac. Fisheries, Inc. v. SS President Grant,* 730 F.2d 1280, 1289 (9th Cir.1984).

For the foregoing reasons, we remand to the district court to make the following determinations: (1) whether, under the Hague Protocol, Hitachi is entitled to recovery, and if so, the amount of the recovery; and (2) whether, under the relevant substantive law dictated by California choice of law, paragraph 16 of the waybill entitles either party to attorney's fees. Each party to bear its own costs.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.